# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JERRY L. PATTERSON,            )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-16-047-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Jerry L. Patterson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. Claimant has worked in the past as a coal miner. Claimant alleges an inability to work beginning March 20, 2009 due to limitations resulting from emphysema, hypertension, low blood sugar, and spine issues.

### Procedural History

On August 14, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on August 15, 2013, Claimant filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On July 27, 2015, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma.  By decision dated August 26, 2015, the ALJ denied Claimant's request for benefits.  The Appeals Council denied review of the ALJ's decision on November 30, 2015.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to determine an appropriate RFC; (2) failing to properly evaluate

4

Claimant's ability to perform the representative jobs at step five; and (3) failing to order a consultative mental examination.

**RFC Determination**

In his decision, the ALJ found Claimant suffered from the severe impairment of emphysema in a smoker and hypertension. (Tr. 15). The ALJ determined Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could occasionally lift/carry 20 pounds and frequently lift/carry ten pounds, stand/walk at least six hours in an eight hour workday with normal breaks, sit at least six hours in an eight hour workday with normal breaks, and work in an office-like environment. (Tr. 16).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of mail room clerk and retail attendant, both of which he found existed in sufficient numbers in the regional and national economies. (Tr. 23). As a result, the ALJ determined Claimant was not disabled from March 20, 2009 through the date of the decision. Id.

Claimant contends the ALJ erred in his RFC assessment. He first argues that the ALJ failed to evaluate his subjective claims appropriately. As an initial matter, Claimant asserts that the newly enacted Soc. Sec. R. 16-3p should be employed in evaluating his subjective complaints. The effective date of this new Ruling

5

was expressly set as March of 2016.  *See* Soc. Sec. R. 16-3p, 2016 WL 1119029.  As a result, the prior Soc. Sec. R. 96-7p applies to the evaluation of Claimant's complaints for the purpose of this appeal.

Under this Ruling, the ALJ was required to consider (1) whether Claimant has established the existence of medically determinable physical or mental impairment that could reasonably be expected to produce Claimant's pain or other symptoms; and (2) if so, whether, after consideration all of the evidence, the intensity, persistence, and limiting effects of Claimant's symptoms limit his ability to engage in basic work activities.  *See* Soc. Sec. R. 96-7p; *see also* <u>Luna v. Bowen</u>, 834 F.2d 161 (10th Cir. 1987).  The ALJ agreed that Claimant satisfied the first prong of establishing a medically determinable impairment.  (Tr. 15).

The ALJ recited Claimant's testimony in considerable detail. Claimant testified to difficulties in breathing and resulting fatigue.  Heat and humidity bothers his breathing and he runs out of air with exertion.  (Tr. 17).

However, the ALJ cited to the record to indicate normal or near normal oxygen saturation levels.  (Tr. 18-20; 318, 339, 343, 347, 350, 354, 357, 360).  The ALJ also determined Claimant was not "entirely compliant in taking prescribed medications, which

suggests the symptoms may not have been as limiting as the claimant has alleged . . . ." (Tr. 21). Although Claimant suggested he did not have insurance, he did not produce evidence to indicate he had been denied medication due to financial considerations. Id. Indeed, Claimant stated he went to a low income clinic and that "they take people in." (Tr. 45). He also received medication on assistance. (Tr. 429). The record confirms Claimant was non-complaint with his medications as noted by treating professionals. (Tr. 338, 349).

The ALJ relied upon the opinions of state agency physicians to conclude Claimant was not as restricted in his ability to engage in basic work activity as his subjective complaints would suggest. Dr. Adel Malati, a consultative examining physician, found Claimant was able to sit, stand, and lie down without difficulty, had no problem with his gait, full range of motion, good bilateral grip strength, and minimal difficulty with heel and toe walking. (Tr. 365). Claimant does not direct this Court to any medical evidence with contradicts the ALJ's conclusions with regard to his evaluation of Claimant's subjective complaints or the RFC he ultimately determined. The ALJ's opinion is well-supported by substantial evidence.

**Step Five Analysis**

Claimant also contends the ALJ erred in finding he could perform the representative jobs of mail room clerk and retail attendant. In citing to the two jobs' requirements in the *Dictionary of Occupational Titles* ("DOT"), Claimant relies upon his subjective complaints which the ALJ appropriately discounted. Claimant also engages in rank speculation in asserting that the environmental restrictions noted by the vocational expert - office environment, no temperature extremes, no dust or fumes – would preclude these jobs because "[c]ustomers and co-workers both wear perfume, cologne, body sprays, hairspray, deodorant, etc." These assumptions are not contained in the record nor were they specified by the vocational expert. Claimant returns to the contention that his subjective complaints demonstrate he was disabled. This is merely a reassertion of the prior argument and is without foundation.

**Duty to Develop the Record**

Claimant contends the ALJ should have ordered a mental consultative examination. He cites to two references in the record from Dr. Randy Cochran in January of 2014 and an unidentified professional in February of 2014 - both reviewing agency mental health professionals - who cite to statements from Claimant which suggest he might have problems remembering. (Tr. 61, 87). Again,

the sole basis for these findings were the subjective statements of Claimant. Numerous other records indicate Claimant had not mental health issues and never raised any such impairments during the course of the proceedings. (Tr. 339, 343, 347, 350, 354, 357, 360).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

9

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative mental examination exists in the record. The ALJ did not violate his duty to develop the record by not ordering further such evaluations.

## Conclusion

The decision of the Commissioner is supported by substantial

evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 28th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE